■ SAMUEL H. FROMBERG, Respondent, v. 261 BROADWAY ESTATES, INC., Appellant.— In a personal injury action, defendant appeals from an order of the Supreme Court, Kings County, dated July 26, 1971, which denied its motion to dismiss the action for plaintiff's failure to serve a complaint. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion granted. The action, commenced by service of summons on April 10, 1969, was brought to recover damages for personal injuries sustained by plaintiff on April 2, 1968 as a result of defendant's alleged negligence. On May 20, 1969 defendant served its notice of appearance and demand for a copy of the complaint. Almost two years later, no complaint having been served, defendant made its motion, pursuant to CPLR 3012 (subd. [b]), to dismiss the action for failure to serve a complaint. In our opinion, the denial of the motion was erroneous. Plaintiff's attorney asserts that his file of the case was misplaced because of the difficulties encountered in gathering all the essential information concerning the case, namely, the manner in which the accident had occurred and the medical information. In the papers considered at Special Term, no specifying facts were submitted by plaintiff in justification of the claims that problems had arisen in assembling the details of the accident or the medical information which precluded the service of a complaint. The papers merely tendered the excuse of "law-office failure", an excuse which, standing by itself, is insufficient to defeat a motion to dismiss an action for failure to timely serve a complaint (*Ferrentino* v. *Farragut Gardens No. 5,* 35 A D 2d 815) or to constitute a cognizable explanation to excuse the delay (*Greenwald* v. *Zyvith,* 23 A D 2d 201; *Burke* v. *City of New York,* 18 A D 2d 898). In addition, no claim was asserted by plaintiff that defendant had misled or lulled him into any false sense of security (cf. *Galanos* v. *City of New York,* 35 A D 2d 829). Under the circumstances here disclosed, we are of the opinion that the failure to serve a complaint for so long a period of time without a justifiable excuse is tantamount to an abandonment of the action (*Bradley* v. *City of New York,* 24 A D 2d 490). Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.